1

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7                                 AT SEATTLE

8    NATHAN EVANS,

9                        Plaintiff,              Case No. C13-1870-JCC-JPD

10          v.

11   WASHINGTON STATE DEPARTMENT OF            REPORT AND RECOMMENDATION
     CORRECTIONS, *et al.*,
12
                         Defendants.
13

14             INTRODUCTION AND SUMMARY CONCLUSION

15          This is a civil rights action brought under 42 U.S.C. § 1983.  Plaintiff Nathan Evans is a

16   state prisoner who is currently confined at the Washington Corrections Center in Shelton,

17   Washington.  He alleges in his complaint that the defendants in this action conspired to deny him

18   his right to due process by issuing a fraudulent warrant to keep him in custody after failing to

19   extradite him from California.  Plaintiff names as defendants in this action the Washington

20   Department of Corrections ("DOC"), David Sather, a DOC Community Corrections Officer;

21   Karen Bammer, a DOC Community Corrections Supervisor; and Karen Adams, a DOC Field

22   Administrator.

23

REPORT AND RECOMMENDATION - 1

1    The DOC was dismissed from this action prior to service of the complaint.  (*See* Dkt. 8.)

2   The remaining defendants now move for summary judgment.  Plaintiff has been advised of the

3   summary judgment requirements pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), but

4   has filed no response to defendants' motion.  The Court, having reviewed the pending motion for

5   summary judgment, and the balance of the record, concludes that defendants' motion for

6   summary judgment should be granted and plaintiff's complaint, and this action, should be

7   dismissed with prejudice.

8                                                  FACTS

9    Plaintiff was convicted of second degree assault with sexual motivation in Whatcom

10   County Superior Court under cause number 01-1-009630-2.  (Dkt. 14-1 at 2.)  Plaintiff's

11   sentence included a term of community custody which he began to serve upon his release from

12   prison.  (*See id.*)  On May 28, 2013, plaintiff failed to report as required to his Community

13   Corrections Officer ("CCO"), defendant David Sather.  (Dkt. 14-1 at 3.)  CCO Sather's attempts

14   to locate plaintiff were unsuccessful and a DOC Secretary's warrant was issued for plaintiff's

15   arrest.  (*Id.*)

16   On July 7, 2013, plaintiff was arrested in San Diego, California (Dkt. 7 at 3), and CCO

17   Sather was notified of plaintiff's arrest the same day (Dkt. 14-1 at 3).  Plaintiff signed a waiver

18   of extradition on or about July 9, 2013 (*see* Dkt. 7 at 3) and, on July 30, 2013, the DOC was

19   informed that the Snohomish County Sheriff's Office would extradite plaintiff back to

20   Snohomish County (*see* Dkt. 14-1 at 3).  According to plaintiff, he was due to be released from

21   custody in San Diego on August 9, 2013 because he hadn't yet been extradited.  (Dkt. 7 at 3.)

22   On August 8, 2013, a San Diego County deputy sheriff contacted CCO Sather and

23   informed him that Snohomish County had not extradited plaintiff.  (Dkt. 14-1 at 3.)  CCO Sather

REPORT AND RECOMMENDATION - 2

1   thereafter sent an order of arrest and detention to the San Diego County Sheriff's Office.  (Dkt.

2   14-1 at 3.)  On August 15, 2013, plaintiff signed a waiver of extradition in the San Diego

3   Superior Court, and the DOC extradition team returned plaintiff to the State of Washington on

4   August 27, 2013.  (*See id*. at 3, 5-8.)  Plaintiff submitted his civil rights complaint to this Court

5   for filing on October 16, 2013 while confined in the Snohomish County Jail.  (*See* Dkt. 1.)

6   Plaintiff has since been transferred into the custody of the DOC.

<u>DISCUSSION</u>

Plaintiff alleges that defendants conspired to deny him his due process rights when they

issued a fraudulent warrant to continue his detention after failing to extradite him from California

back to Washington.  Defendants argue in their motion for summary judgment that the DOC

warrant in question was valid, that plaintiff's extradition comported with due process, that they

are entitled to qualified immunity, and that plaintiff failed to adequately allege the personal

participation of all defendants in his complaint.  Finally, defendants argue that plaintiff's lawsuit

is frivolous and they request that this Court dismiss the action with prejudice and find that the

dismissal constitutes a strike under 28 U.S.C. § 1915(g).

<u>Summary Judgment Standard</u>

Summary judgment is appropriate when, viewing the evidence in the light most

favorable to the nonmoving party, there exists "no genuine dispute as to any material fact" such

that "the movant is entitled to judgment as a matter of law."  *See* Fed. R. Civ. P. 56(a); *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Material facts are facts which might affect the

outcome of the pending action under governing law.  *See Anderson*, 477 U.S. at 248.  Genuine

disputes are those for which the evidence is such that "a reasonable jury could return a verdict

for the nonmoving party."  *Id*.

REPORT AND RECOMMENDATION - 3

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R. Civ. P. 56(e). A mere scintilla of evidence is insufficient to create a factual dispute. *See Anderson*, 477 U.S. at 252. In ruling on a motion for summary judgment, the court may not weigh the evidence or make credibility determinations. *Id*. at 248.

## Section 1983 Standard

In order to sustain a cause of action under 42 U.S.C. §1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

## Due Process

The Due Process Clause of the Fourteenth Amendment confers both procedural and substantive rights. *See Armendariz v. Penman*, 75 F.3d 1311, 1318 (9th Cir. 1996). "Procedural due process imposes constraints on governmental decisions which deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). A § 1983 claim based upon procedural due process has three elements: (1) a liberty or property interest protected

REPORT AND RECOMMENDATION - 4

by the Constitution; (2) a deprivation of the interest by the government; and, (3) lack of process. *Portman v. County of Santa Clara*, 995 F.2d 898 (9th Cir. 1993).

The substantive component of the Due Process Clause protects individuals from the arbitrary deprivation of their liberty by government. *County of Sacramento v. Lewis*, 523 U.S. 833, 845-49 (1998). The Supreme Court has made clear that "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *Id.* at 846 (citing, *Collins v. Harker Heights*, 5 03 U.S. 115, 129 (1992). The Court has "spoken of the cognizable level of executive abuse of power as that which shocks the conscience." *Id.*

Plaintiff's due process claim arises out of what he contends was an invalid warrant issued by the DOC on August 9, 2013 which resulted in his continued detention and extradition back to Washington. However, while plaintiff complains that the warrant in question was fraudulent, he fails to explain why he believes that to be the case. Plaintiff does not dispute that he was serving a term of community custody for a Whatcom County Superior Court conviction at the time of his arrest. Among the standard conditions imposed on offenders serving a term of community custody is that they report as directed to their assigned community corrections officer. *See* RCW 9.94A.703(2)(a) and RCW 9.94A.704(a). Another standard condition imposed on offenders is that they remain within prescribed geographical boundaries. *See* RCW 9.94A.704(b).

Washington law provides that the Secretary of the Washington Department of Corrections may issue a warrant for an offender's arrest when the offender violates a condition of community custody. RCW 9.94A.716(1). Such warrants "authorize any law enforcement or peace officer or community corrections officer of this state or any other state where such offender may be located, to arrest the offender and place him or her in total confinement pending disposition of the alleged violation pursuant to RCW 9.94A.633." RCW 9.94A.716(1).

REPORT AND RECOMMENDATION - 5

1   Washington law also provides that "a community corrections officer, if he or she has reasonable

2   cause to believe an offender has violated a condition of community custody, may suspend the

3   person's community custody status and arrest or cause the arrest and detention in total

4   confinement of the offender."  RCW 9.94A.716(2)

5   The evidence proffered by defendants establishes that a DOC Secretary's warrant was

6   issued for plaintiff's arrest on May 28, 2013 after plaintiff failed to report to CCO Sather as

7   required and CCO Sather was unable to locate plaintiff.  (Dkt. 14-1 at 3.)  Such a warrant was

8   clearly authorized by RCW 9.94A.716(1).  When CCO Sather later learned that plaintiff had

9   been arrested in San Diego, and that Snohomish County had not extradited plaintiff as expected,

10  CCO Sather sent an order of arrest and detention to the San Diego County Sheriff's Office.  (*See*

11  *id.* at 3, 8.)  This action, undertaken in early August 2013, was consistent with the provisions of

12  RCW 9.94A.716(2).  Plaintiff offers no evidence or argument to support his contention that the

13  warrant pursuant to which he was detained was fraudulent, and his claim to the contrary is

14  clearly frivolous.

15  To the extent plaintiff may intend to argue that his extradition was unlawful, his claim is

16  also frivolous.  As noted above, the warrant pursuant to which plaintiff was detained in

17  California was valid.  Prior to his extradition from the State of California to the State of

18  Washington, plaintiff appeared before San Diego County Superior Court Judge David M.

19  Szumowski and signed a waiver of extradition.  (Dkt. 14-1 at 8.)  Plaintiff acknowledged in the

20  waiver that he was the person against whom criminal proceedings had been instituted in

21  Whatcom County and he agreed to voluntarily return to the State of Washington to answer the

22  charges that he had violated the conditions or requirements of his sentence or supervision.  (*Id.*)

23  Plaintiff also acknowledged in the waiver that he had been advised of his constitutional rights

REPORT AND RECOMMENDATION - 6

1    and of his right to require issuance and service of a warrant of rendition under California law.

2    (Dkt. 14-1 at 8.)  Plaintiff agreed in the waiver to return to the State of Washington with the

3    agents appointed to accompany him, and a DOC extradition team returned plaintiff to

4    Washington on August 27, 2013.  (*Id.* at 3, 8.)

5           Plaintiff fails to identify what, if any, additional process he was due and, thus, plaintiff

6    fails to establish any violation of his procedural due process rights.  Plaintiff likewise fails to

7    demonstrate any violation of substantive due process as nothing in the record suggests that the

8    deprivation of his liberty was arbitrary.  Defendants are therefore entitled to summary judgment

9    with respect to plaintiff's due process claim.[1]

10                                   28 U.S.C. § 1915(g)

11          Defendants request in their summary judgment motion that the Court find that plaintiff's

12   lawsuit is frivolous and characterize the dismissal of this action as a dismissal under 28 U.S.C.

13   § 1915(g).  A review of plaintiff's complaint, and the summary judgment materials submitted by

14   defendants, reveals that there is no legal or factual basis for plaintiff's claims against defendants

15   and, thus, his claims are frivolous.  *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

16   Plaintiff's complaint, and this action, should therefore be dismissed with prejudice pursuant to 28

17   U.S.C. § 1915(e)(2)(B)(i), and this should be counted as a dismissal under § 1915(g).

18                                     CONCLUSION

19          For the foregoing reasons, this Court recommends that defendant's motion for summary

20   judgment be granted, that plaintiff's complaint, and this action, be dismissed with prejudice

21

22   _____

23          [1]  As the Court concludes that plaintiff has not established any violation of his federal constitutional rights,
     the Court need not address defendants' qualified immunity and personal participation arguments.

REPORT AND RECOMMENDATION - 7

1  under § 1915(e)(2)(B)(i), and that this be counted as a dismissal under § 1915(g).  A proposed

2  order accompanies this Report and Recommendation.

3          Objections to this Report and Recommendation, if any, should be filed with the Clerk and

4  served upon all parties to this suit by no later than **August 25, 2014**.  Failure to file objections

5  within the specified time may affect your right to appeal.  Objections should be noted for

6  consideration on the District Judge's motion calendar for the third Friday after they are filed.

7  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no

8  timely objections are filed, the matter will be ready for consideration by the District Judge on

9  **August 29, 2014**.

10         DATED this 4th day of August, 2014.

11

12                                              JAMES P. DONOHUE
                                                United States Magistrate Judge
13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 8